# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yuichi Miyayama,<br><br>          Plaintiff,<br><br>v.<br><br>Steven H. Burke, et al.,<br><br>          Defendants. | Case No. 2:20-cv-01683-GMN-DJA<br><br>**Order** |

Before the Court are Defendant Mont Tanner's motion for demand for security of costs (ECF No. 50) and Defendants Steven H. Burke, Law Office of Steven H. Burke, and S&Z Investments L.L.C's (the "Burke Parties") motion for demand for security of costs (ECF No. 51). Plaintiff filed responses. (ECF Nos. 61 and 62). Tanner filed a reply. (ECF No. 67). Because Plaintiff has not opposed the Burke Parties' motion, and Plaintiff's opposition to Tanner's motion is without merit, the Court grants both motions. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

Plaintiff served S&Z Investments L.L.C. on October 1, 2020 (ECF No. 11), and both Steven Burke and the Law Office of Steven H. Burke on September 9, 2021 (ECF Nos. 55, 59). Plaintiff served Tanner on August 29, 2021. (ECF No. 47). Tanner moved to demand security of costs on September 28, 2021. (ECF No. 50). The Burke Parties moved to demand security of costs on September 30, 2021. (ECF No. 51).

Plaintiff filed a response to the Burke Parties' motion, not opposing it. (ECF No. 62). "Plaintiff is a non-resident of Nevada and is aware that the United States District Court for the District of Nevada will honor timely and proper demands for security of costs upon a non-resident

of Nevada." (ECF No. 62). However, Plaintiff opposed Tanner's motion, arguing that it was eight days late. (ECF No. 61).

Plaintiff explains that Tanner's response—due twenty-one days after he was served under Federal Rule of Civil Procedure 12(a)(1)(i)—was due on September 20, 2021. (ECF No. 61 at 3). Plaintiff agreed, however, not to seek default if Tanner filed a responsive pleading by September 27, 2021. (*See id.*). Tanner filed an answer—which was declined by the Clerk's office for not selecting the proper filing event—on September 27, 2021. (ECF No. 48). Tanner then filed his motion for demand for security of costs on September 28, 2021. (ECF No. 50).

Plaintiff argues that, because NRS 18.130(1) provides that a defendant may require security for costs "within the time limited for answering the complaint," that Tanner's time to make this demand ran on September 20, 2021. (ECF No. 61 at 2). Plaintiff cites the Ninth Circuit case, *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, for the proposition that "[o]nly if the initial request is timely made can a defendant request additional security as the litigation progresses." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575 (9th Cir. 1994).

Tanner replies that he did not waive his ability to file a demand by filing it after the time to respond. (ECF No. 67 at 3). He explains that the Nevada Supreme Court has never interpreted NRS 18.130(1) to require a resident defendant to file and serve a demand within the time to file an answer. (*See id.*). He adds that, to the extent Plaintiff argues that Tanner waived his ability to file his demand by filing it after his answer, the Clerk of Court rejected Tanner's answer, and thus, "no such answer has ever been filed." (*Id.* at 4).

**II.     Standard.**

Under NRS 18.130(1), "When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." The Ninth Circuit has stated the following with respect to a demand for security for costs in federal court:

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal

> district courts have inherent power to require plaintiffs to post security for costs. Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.

*Simulnet*, 37 F.3d at 574 (citation and internal quotations omitted). While the Nevada District Court has not adopted a specific court rule with respect to security for costs, it has adopted NRS 18.130 as the appropriate procedure through case law in diversity jurisdiction cases. "It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of N.R.S. 18.130 in diversity actions." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983).

**III.   Discussion.**

> When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint. NRS 18.130(1).

"In construing a statute, we first consider its text. When the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *In re County of Orange*, 262 F.3d 1014, 1018 (9th Cir. 2001). In construing Nevada statutes, "may" is a permissive term, not a mandatory one. *See Nelson v. Halima Academy Charter School*, No. 3:05-cv-01710-LRH(RAM), 2006 WL 1994878, at *2 (D. Nev. July 14, 2006).

In *Biscay v. MGM Resorts International*, the Nevada Supreme Court analyzed the function of the permissive "may" in another portion of NRS 18.130, finding that the permissive term allowed a plaintiff to file security any time before an action was dismissed, not only within the thirty days the statute provided. *See Biscay v. MGM Resorts International*, 131 Nev. 458, 460-461 (2015). The court concluded that the district court abused its discretion by dismissing a case after a plaintiff filed a security bond late, but before the defendant moved to dismiss the case. *See id.* It found that the statute's language—that "[a]fter the lapse of 30 days from the service of notice that security is required…the court or judge *may* order the action to be dismissed—was

permissive, and not mandatory. *See id.* (emphasis added)  The language gives the defendant the right to ask for dismissal and the court the right to dismiss a case on its own. *See id.*  But the court determined that the district court's dismissal of an action "if the plaintiff has filed the required security with the court clerk at any time before the court dismisses the case" was an abuse of discretion. *See id.*

In *Simulnet*, the Ninth Circuit acknowledged the discretion with which courts may apply NRS 18.130. *Simulnet*, 37 F.3d at 574.  There, the Ninth Circuit reversed a district court's decision to impose a cost bond under NRS 18.130(1) for which the defendant moved five days before trial. *Simulnet*, 37 F.3d at 574.  The defendants argued that the cost bond—totaling $500,000 to contemplate attorneys' fees—was necessary under the plaintiff's contractual obligation to pay defendants' attorneys' fees and costs if defendants should prevail. *See id.* at 575.  However, the Ninth Circuit found that, due to the lateness of the demand and the demand for attorneys' fees—which are not taxable costs under Nevada law—that the district court abused its discretion by imposing the demand. *See id.* at 574-76.  In making this decision, it quoted the First Circuit:

> The district court, in the exercise of its sound discretion, must settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff.  *Id.* (citing *Aggarwal v. Ponce School of Medicine*, 745 F.2d 723, 727-28 (1st Cir. 1984)).

Here, the Court grants both the Burke Parties and Tanner's motions.  Regarding Tanner's motion, the Court finds that Plaintiff's opposition to the motion is without merit.  Taken together, the statute's permissive language and the decisions in *Simulnet* and *Biscay* suggest that Plaintiff's narrow reading of the statute is flawed, and the Court may use its discretion in applying the statute.  Starting first with the statute's permissive language, that a defendant *may* request a plaintiff file a bond within the time to answer does not mandate that a defendant make the demand within that time.  Rather, like the *Biscay* court's interpretation of a similar permissive term in another portion of NRS 18.013, here, "may" only appears to give a plaintiff grounds on which to oppose the request.  While Plaintiff has done so here, the opposition is not reasonable.

Plaintiff seems to argue that the "time to file an answer" is set for the purposes of a security bond, but malleable for the purposes of actually answering. But Plaintiff provides no authority for this. Plaintiff agreed to extend the time to answer for Tanner to September 27, 2021. The deadline by which Tanner had to file a demand for a security bond was thus also September 27, 2021.

Although Tanner missed his deadline to file a demand for a security bond by a day, the Court uses its discretion to find that the demand was proper. It is not unfair to impose Tanner's demand because, unlike the $500,000 bond in *Simulnet*, here, the bond is only $500. Plaintiff has also demonstrated an ability to post this type of bond by not opposing the Burke Parties' similar request. Plaintiff has also made no argument that the bond amount is unreasonable or unaffordable. And unlike the demand in *Simulnet*, Tanner's demand is only one day late. This lateness does not create unfair surprise for Plaintiff. The Burke Parties demanded a bond on September 30, 2021—two days later—which Plaintiff did not oppose. The Court thus grants the Burke Parties' and Tanner's motions for demand for security of costs.

**IT IS THEREFORE ORDERED** that the Burke Parties and Tanner's motions for demand for security of costs (ECF Nos. 50 and 51) are **granted**.

DATED: November 16, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE